**PELTON GRAHAM LLC**
Brent E. Pelton
Taylor B. Graham
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective and Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ARNULFO GUILLEN and ALEXANDER GIL**, Individually and on Behalf of All Others Similarly Situated,<br><br>                    **Plaintiffs,**<br><br>-against-<br><br>**BEST CHOICE VENDING USA INC., PPS CAPITAL NY LLC, PPS CAPITAL LLC, HESHY BRACHFELD, RAFAEL ARYE MOSSBERG, PAVEL ROYZMAN,** and **JOHN DOES 1 through 10,** Jointly and Severally,<br><br>                    **Defendants.** | **CLASS & COLLECTIVE**<br>**ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

       Plaintiffs Arnulfo Guillen and Alexander Gil (the "Plaintiffs"), individually and on behalf of all others similarly situated, as collective and class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former warehouse and service employees at two (2) locations of Defendants' vending machine servicing business. At all times relevant to this Complaint, pursuant to Defendants' corporate policy, Plaintiffs were paid a fixed weekly salary which did not include overtime premiums for hours worked over forty (40) in a given workweek and, during a portion of their employment, did not compensate them at the New York statutory minimum wage for all hours worked.

2. Plaintiffs bring this action to recover overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiffs also bring claims for unpaid minimum wage and, for weeks in which they were paid at or below minimum wage, for unpaid spread-of-hours premiums, pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3. Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees of Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants during the six (6)-year period, plus COVID-19 tolling, preceding the filing of this complaint.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to

the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020. In total, the Executive Orders set forth herein provided for a toll of two hundred and twenty-eight (228) days.

## THE PARTIES

**Plaintiffs:**

8. <u>Arnulfo Guillen</u> ("Guillen") was, at all relevant times, an adult individual residing in Kings County, New York.

9. Guillen was employed by Defendants from in or around 2008 through early March 2023, except for the period between April 2020 and September 2021, when he was out of work due to the COVID-19 pandemic (the "Guillen Employment Period").

10. During the Guillen Employment Period, Guillen performed work for Defendants at two (2) of Defendants' warehouses, located at 4200 Avenue K, Brooklyn, New York 11210 (the "Brooklyn Warehouse") and 3935 22nd Street, Queens, New York 11101 (the "Queens Warehouse")

11. For most of the Guillen Employment Period, Guillen worked five (5) days per week, Monday through Friday, from approximately 7:00 am to between approximately 5:00 pm and 6:00 pm, for a total of between approximately fifty (50) and fifty-five (55) hours per week.

12. During the final two (2) weeks of the Guillen Employment Period, Guillen worked five (5) days per week, Monday through Friday, from between approximately 6:00 and 6:30 am to between approximately 6:00 pm and 6:30 pm, for a total of approximately sixty (60) hours per week.

13. For his work, from approximately 2018 to the beginning of 2020, just prior to the break in employment due to COVID-19, Guillen was paid a flat weekly salary of seven hundred and seventy-five dollars ($775.00). When Guillen returned to work in September 2021 through approximately the end of 2021, Guillen was paid a flat weekly salary of eight hundred and seventy-five dollars ($875.00). From approximately January 2022 through the end of his employment, Guillen was paid a flat weekly salary of nine hundred and seventy-five dollars ($975.00).

14. Throughout the Guillen Employment Period, Guillen received his wages from Defendants through a combination of payroll check and cash. Specifically, Guillen typically received a payroll check for between $500.00 and $600.00 each week, and payment in cash for the

remaining amount of his wages, typically $275.00 per week.

15. Guillen consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

16. <u>Alexander Gil</u> ("Gil") was, at all relevant times, an adult individual residing in Kings County, New York.

17. Gil was employed by Defendants from approximately 2014 through March 2020, at the start of the COVID-19 pandemic (the "Gil Employment Period").

18. Throughout the relevant time period, Gil performed work for Defendants at Defendants' Brooklyn Warehouse.

19. Throughout the Gil Employment Period, Gil typically worked five (5) days per week, Monday through Friday, from between approximately 3:00 am and 4:00 am to between approximately 2:00 pm and 4:00 pm, for a total of between approximately fifty (50) to sixty (60) hours per week, and sometimes longer.

20. For his work, during the relevant time period of this Complaint, Gil was paid a flat weekly salary of six hundred dollars ($600.00).

21. Gil received his wages from Defendants through a combination of payroll check and cash. Specifically, Gil typically received a payroll check in the amount of approximately $400.00 and cash in the amount of approximately $200.00.

**Defendants:**

22. <u>Best Choice Vending USA Inc.</u> is an active New York Corporation with its principal executive office located at 1510 48 Street, Brooklyn, New York 11219.

23. Best Choice Vending USA Inc. was initially registered with the New York State Department of State, Division of Corporations on April 24, 2009.

24. <u>PPS Capital NY LLC</u> is an active New York limited liability company doing business as "Best Choice Vending USA" with a service of process address located at 210 East 63rd Street, Apt. 2D, New York, New York 10065.

25. PPS Capital NY LLC was initially registered with the New York State Department of State, Division of Corporations on August 21, 2009.

26. According to filings with the New York State Department of State, Division of Corporations, PPS Capital NY LLC initially operated under the assumed name "Intelligent Foods on Demand" and as of December 29, 2022, has operated under the assumed name "Best Choice Vending USA."

27. <u>PPS Capital, LLC</u> is an active New York limited liability company doing business as "Best Choice Vending USA" with a service of process address located at 210 East 63rd Street, Apt. 2D, New York, New York 10065.

28. PPS Capital LLC was initially registered with the New York State Department of State, Division of Corporations on January 3, 2005.

29. Defendants Best Choice Vending USA, Inc., PPS Capital NY LLC and PPS Capital, LLC are hereinafter referred to collectively as the "Corporate Defendants."

30. <u>Heshy Brachfeld</u> ("Brachfeld") is an owner, officer, and/or director of Best Choice Vending USA Inc.

31. According to filings with the New York State Department of State, Division of Corporations, Defendant Brachfeld is the Chief Executive Officer of Best Choice Vending USA Inc.

32. Upon information and belief, in addition to being the Chief Executive Officer of Best Choice Vending USA Inc., Defendant Brachfeld also performed accounting duties for

Defendants and typically signed paychecks for employees, including Plaintiffs.

33.  <u>Rafael Arye Mossberg</u> ("Mossberg") is an owner, officer and/or director of Best Choice Vending USA, Inc.

34.  <u>Pavel Royzman</u> ("Royzman" and together with Brachfeld and Mossberg, the "Individual Defendants") is an owner, officer, and/or director of PPS Capital NY LLC and PPS Capital LLC.

35.  At all times relevant to this Complaint, the Individual Defendants maintained operational control over the Corporate Defendants and jointly managed the Brooklyn Location and the Queens Location by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiffs.

36.  The Individual Defendants jointly employed Plaintiffs, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

37.  The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

38.  JOHN DOES 1 through 10 ("DOE Defendants" and together with the Corporate Defendants and Individual Defendants, the "Defendants") are persons or entities whose true names and capacities are presently unknown to Plaintiffs, who therefore sue them by such fictitious names. Plaintiffs are informed and believe and thereon allege that, at all times relevant to this

Complaint, that each of the fictitiously-named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained. Plaintiffs are informed and believe and thereon allege that, at all times relevant to this Complaint, DOE Defendants are joint employers, working as a joint enterprise with, and are the alter egos of the Corporate Defendants.

39. Upon information and belief, throughout the relevant time period of this Complaint, Defendants have operated "Best Choice Vending USA" and "Intelligent Foods on Demand" through the Corporate Defendants, selling, installing, and maintaining vending machines throughout New York and New Jersey.

40. Upon information and belief, Defendants owned, operated and managed both "Best Choice Vending USA" and "Intelligent Foods on Demand" as a single integrated enterprise, with shared employees, facilities, and policies.

41. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42. At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

43. At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

44. Upon information and belief, at all relevant times, the Corporate Defendants have each had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff Guillen brings his First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since March 14, 2021, and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management warehouse and/or service employees (the "Collective Action Members").

46. A collective action is appropriate in this circumstance because Plaintiff Guillen and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for all work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiff Guillen and the Collective Action Members did not receive legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

47. Plaintiff Guillen and the Collective Action Members have substantially similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

48. Pursuant to the NYLL, Plaintiffs bring the Second through Fourth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants at any time since July 29, 2018 and through the entry of judgment in this case (the "Class Period") who worked as non-management warehouse and/or service employees (the "Class Members").

49. <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

9

Notice can be provided by means permissible under Fed. R. Civ. P. 23.

50. <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

51. Upon information and belief, there are in excess of forty (40) Class Members.

52. <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

    a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

    c. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members not less than the New York statutory minimum wage for all hours worked;

    d. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums for all hours worked in excess of forty (40) hours per workweek;

    e. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members spread-of-hours premiums for days that employees worked in excess of ten (10) hours and/or worked a split shift;

    f. whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

    g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and

disbursements and attorneys' fees.

53. <u>Plaintiffs' claims are typical of the Class Members' claims</u>. Plaintiffs, like all Class Members, were non-management warehouse and service employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, paid less than the New York statutory minimum wage for some or all hours worked, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, and were not paid spread-of-hours premiums for each workday that exceeded ten (10) hours. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

54. <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

55. Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

56. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

57. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against the corporate defendants. The individual members of the class have no interest or capacity to bring separate actions; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action. Plaintiffs are unaware of any other currently pending litigation concerning this controversy.

## ADDITIONAL FACTUAL ALLEGATIONS

58. Throughout the relevant time period of this Complaint, Defendants maintained a corporate policy of paying their warehouse and service employees, including Plaintiffs and the Collective Action Members and Class Members, a fixed weekly salary which did not fluctuate based on the hours worked each week. In doing so, Defendants failed to pay overtime premiums for hours worked in excess of forty (40) hours in a week, and failed to ensure that Plaintiffs and the Class Members received at least the New York State minimum wage for all hours worked. For those weeks when Plaintiffs' and the Class Members' wages fell below the statutory minimum wage, Defendants also failed to pay spread of hours premiums when Plaintiffs' and Class Members' work hours exceeded ten (10) in a shift or split-shift.

59. Throughout the relevant time period of this Complaint, Defendants failed to maintain a formal timekeeping system to record the hours worked by their non-exempt employees, like Plaintiffs, the Collective Action Members and Class Members, in their Brooklyn Warehouse.

60. Upon information and belief, while Defendants maintained a time clock in their Queens Warehouse, Defendants instructed their warehouse and service employees not to punch in for their full shifts each day, so that they recorded fewer hours than they actually worked.

61. Plaintiffs have spoken with and are aware of other employees of Defendants who were similarly paid flat weekly rates, such that their effective hourly pay at times fell below the correct statutory minimum wage for all hours worked and did not receive overtime premiums or spread of hours premiums. Defendants' failure to pay minimum wages, overtime premiums and spread of hours premiums are corporate policies of Defendants that apply to all non-management warehouse and service employees throughout the Class Period.

62. Upon information and belief, throughout the Class Period and continuing until

today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees

63. Upon information and belief, there were between approximately nine (9) and eleven (11) warehouse and/or service employees working from Defendants from the Brooklyn Warehouse at any given time and approximately fifteen (15) warehouse and/or service employees working for Defendants from the Queens Warehouse at any given time, all of whom were paid pursuant to the same corporate pay policies complained of herein.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff Guillen and the Collective Action Members)

64. Plaintiff Guillen, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

66. Given the nature of the work performed by Plaintiff Guillen and the Collective Action Members, which is manual and not subject to any exemptions from the overtime requirements of the FLSA, the foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). In addition, Defendants decision to pay Plaintiffs and Collective Action Members through a combination of check and cash demonstrates a concerted effort to avoid compliance with the wage and hour laws, including specifically, the obligation to pay overtime premiums pursuant to the FLSA.

67. Defendants' failure to pay overtime caused Plaintiff Guillen and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff Guillen and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Class Members)

68. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69. By paying a fixed weekly salary which did not increase based on the hours worked by Plaintiffs and Class Members, when divided by the actual hours worked by Plaintiffs and Class Members during the week, the fixed weekly salary frequently fell below the New York State statutory minimum wage for all hours worked.

70. Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay at least the statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

71. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME
#### (Brought on Behalf of Plaintiffs and the Class Members)

72.  Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.  Given the nature of the work performed by Plaintiffs and the Class Members, which is manual and not subject to any exemptions from the overtime requirements of the NYLL, the foregoing conduct, as alleged, constitutes a willful violation of the NYLL. In addition, Defendants decision to pay Plaintiffs and Class Members through a combination of check and cash demonstrates a concerted effort to avoid compliance with the wage and hour laws, including specifically, the obligation to pay overtime premiums pursuant to the NYLL.

74.  Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
#### (Brought on Behalf of Plaintiffs and Class Members)

102. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

103.  Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one (1) hour's pay at the applicable minimum wage in

all instances where the Plaintiffs and Class Members worked either a split shift or shift of more than ten (10) hours, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.18.

104. Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff Guillen and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and spread of hours compensation pursuant to the NYLL and supporting regulations;

i. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage and spread of hours compensation pursuant to the NYLL and supporting regulations;

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
March 14, 2025

                                            Respectfully submitted,

**PELTON GRAHAM LLC**

By: \_\_\_\_/s/_____
Brent E. Pelton
pelton@peltongraham.com
Taylor B. Graham
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs and the putative FLSA Collective and Class*

**Notice of Shareholder Liability for Services Rendered
Pursuant to § 630 of the Business Corporation Law of New York**

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholders of PPS CAPITAL LLC, PPS CAPITAL NY LLC, and BEST CHOICE VENDING USA, INC. are hereby notified that the plaintiffs in this matter, individually and on behalf of the putative FLSA collective and class they seek to represent, intend to enforce your personal liability, as the ten (10) largest shareholders of PPS CAPITAL LLC, PPS CAPITAL NY LLC, BEST CHOICE VENDING USA, INC. to charge you with indebtedness of said corporation to the plaintiffs for services performed for the corporation as employee during the six (6)-year period preceding the filing of the complaint.

Dated:  March 14, 2025

Brent E. Pelton, Esq.

*Attorneys for Plaintiffs and the putative
FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Best Choice Vending USA Inc., Intelligent Foods On Demand, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____           Arnulfo. Guillen
Signature                            Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Best Choice Vending USA Inc., Intelligent Foods On Demand y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que, si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____           Arnulfo. Guillen
Firma                                Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.