Michael Samuel, Esq.
michael@thesamuellawfirm.com
THE SAMUEL LAW FIRM
1441 Broadway – Suite 6085
New York, NY 10018
(212) 563-9884 (phone)
(212) 563-9870 (facsimile)

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNULFO GUILLEN and ALEXANDER GIL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against-<br><br>BEST CHOICE VENDING USA INC., PPS CAPITAL NY LLC, PPS CAPITAL LLC, HESHY BRACHFELD, RAFAEL ARYE MOSSBERG, PAVEL ROYZMAN, and JOHN DOES 1 through 10, Jointly and Severally,<br><br>Defendant. | Case No.: 7: 25-cv-01466-BMC |

**DEFENDANTS' ANSWER WITH COUNTERCLAIMS**

Defendants Best Choice Vending USA Inc. ("Best Choice"), PPS Capital NY LLC ("PPS Capital NY"), PPS Capital LLC ("PPS Capital"), Heshy Brachfeld ("Brachfeld"), Rafael Arye Mossberg ("Mossberg"), and Pavel Royzman ("Royzman," and together with Best Choice, PPS Capital NY, PPS Capital, Brachfeld and Mossberg, collectively the "Defendants"), by and through their attorneys, The Samuel Law

Firm, as and for their Answer and Counterclaims (''Answer'') to the Amended Complaint of Plaintiffs Arnulfo Guillen ("Guillen") and Alexander Gil ("Gil") (collectively "Plaintiffs") herein, states as follows:

## NATURE OF ACTION

1. Defendants deny the allegations contained in paragraph 1 of the Amended Complaint.

2. The allegations contained in paragraph 2 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required.  To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 2 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

3. The allegations contained in paragraph 3 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required.  To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 3 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any

remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

## JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 of the Amended Complaint speak for themselves insofar as they consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendant denies that any acts or omissions occurred giving rise to Plaintiffs' claims.

5. The allegations contained in paragraph 5 of the Amended Complaint speak for themselves insofar as they contain legal conclusions to which no response is required.

6. The allegations contained in paragraph 6 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 6 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

7. The allegations contained in paragraph 7 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required. To the extent a

response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 7 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

## THE PARTIES

8. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint.

**Defendants:**

22. Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendants admit the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Amended Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Amended Complaint.

29. The allegations contained in paragraph 29 of the Amended Complaint speak for themselves insofar as they contain only a recitation definition, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 29 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

30. Defendants admit the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendants admit the allegations contained in paragraph 31 of the Amended Complaint.

32. Defendants admit the allegations contained in paragraph 32 of the Amended Complaint.

33. Defendants admit the allegations contained in paragraph 33 of the Amended Complaint.

34. Defendants admit the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38. The allegations contained in paragraph 38 of the Amended Complaint speak for themselves insofar as they contain only a recitation definition, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 38 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

39. Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

41. The allegations contained in paragraph 41 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs allege they are

entitled to damages and equitable relief, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 41 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

42. The allegations contained in paragraph 42 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs allege they are entitled to damages and equitable relief, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 42 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

43. The allegations contained in paragraph 43 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 43 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any

remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

44. Defendants admit the allegations contained in paragraph 44 of the Amended Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. The allegations contained in paragraph 45 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs allege they are entitled to damages and equitable relief, to which no response is required.  To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 45 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

46. Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Amended Complaint.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

9

48. The allegations contained in paragraph 48 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 48 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

49. The allegations contained in paragraph 49 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 49 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

50. The allegations contained in paragraph 50 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs allege they are entitled to damages and equitable relief, to which no response is required. To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and

affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 50 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

51. The allegations contained in paragraph 51 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs allege they are entitled to damages and equitable relief, to which no response is required.  To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 51 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

52. The allegations contained in paragraph 52 of the Amended Complaint speak for themselves insofar as they contain only a recitation of the federal and state statutory frameworks under which Plaintiffs bring this case and the authority under which Plaintiffs alleges they are entitled to damages and equitable relief, to which no response is required.  To the extent a response is required, Defendants' deny Plaintiffs' allegations and claims against them and affirmatively assert that none of Plaintiffs' legal demands stated in paragraph 52 of the Amended Complaint have any basis in law or fact and, accordingly, Plaintiffs are not entitled to any remedy or relief from the Defendants under either the federal or state statutory authority cited herein.

53. Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Amended Complaint.

## ADDITIONAL FACTUAL ALLEGATIONS

58. Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Amended Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Amended Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff Guillen and the Collective Action Members)**

71. Defendants repeat and restate their responses set forth above, in paragraphs 1 through 70, as if each response is fully set forth at length herein, and Defendants deny each and every allegation as set forth in paragraphs 1 through 70 of the Amended Complaint that are not otherwise specifically and unequivocally admitted in this Answer.

72. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

73. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

74. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

## SECOND CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiffs and the Class Members)**

75. Defendants repeat and restate their responses set forth above, in paragraphs 1 through 74, as if each response is fully set forth at length herein, and Defendants deny each and every allegation as set forth in paragraphs 1 through 74 of the Amended Complaint that are not otherwise specifically and unequivocally admitted in this Answer.

76. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

77. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

78. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

## THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME
**(Brought on Behalf of Plaintiffs and the Class Members)**

79. Defendants repeat and restate their responses set forth above, in paragraphs 1 through 78, as if each response is fully set forth at length herein, and Defendants deny each and

every allegation as set forth in paragraphs 1 through 78 of the Amended Complaint that are not otherwise specifically and unequivocally admitted in this Answer.

80. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

81. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

82. Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiffs and Class Members)**

102.    Defendants repeat and restate their responses set forth above, in paragraphs 1 through 82[1], as if each response is fully set forth at length herein, and Defendants deny each and every allegation as set forth in paragraphs 1 through 82 of the Amended Complaint that are not otherwise specifically and unequivocally admitted in this Answer.

103.    Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

104.    Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

---

[1] Plaintiff renumbers the paragraphs skipping from 82 to 102.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to receive any of the remedies or the relief Plaintiffs request as judgment damages, specifically as set forth and detailed in each of the eighteen (18) separate and distinct paragraphs ("a." through "l.") of the "WHEREFORE" clause (pages 18 through 20 of the Amended Complaint) that follow paragraph 104 of the Amended Complaint.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' CLAIMS

Defendants hereby asserts the following twenty-three affirmative and other defenses (collectively, "Defenses") without assuming any burden of production or proof that Defendants would not otherwise have under any applicable law, rule, or regulation, and expressly reserves the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery has been had in this action.

## FIRST DEFENSE

Plaintiffs have failed to state any claim against Defendants upon which any relief may be granted.

## SECOND DEFENSE

All actions taken by Defendants with regard to Plaintiffs were taken in good faith.

## THIRD DEFENSE

Plaintiffs have failed to state facts sufficient to state a claim against Defendants because the injuries and damages allegedly sustained by Plaintiffs were not the result of any acts, omissions or other unlawful conduct committed by either of the Defendants.

16

## FOURTH DEFENSE

Plaintiffs have already received all compensation owed to them by Defendants as a result of any work Plaintiffs had performed for either or all of the Defendants.

## FIFTH DEFENSE

All or some of the Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH DEFENSE

Plaintiffs are not entitled to any relief under the Fair Labor Standards Act because they were fully and justly compensated for all time they suffered or permitted to work.

## SEVENTH DEFENSE

Plaintiffs are not entitled to any relief under the New York Labor Law because Defendants made complete and timely payment of all wages due to them pursuant to any and all applicable Articles within the New York Labor Law, including Articles 5, 6, 7, 19 and 19-B of the New York Labor Law.

## EIGHTH DEFENSE

All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendants having made complete and timely payment of all wages due to Plaintiffs.

**NINTH DEFENSE**

Defendants rely upon all affirmative defenses provided by Section 195 of the New York Labor Law and all statutory affirmative defenses to New York State record keeping requirements.

**TENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exclusions, exceptions, offsets or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their respective implementing regulations.

**ELVENTH DEFENSE**

Plaintiffs are not entitled to any relief under the Fair Labor Standards Act or the New York Labor Law because any potential violation, if any actually occurred, and any damages arising therefrom are barred by the doctrine of *de minimis non curat lex.*

**TWELTH DEFENSE**

Defendants acted in good faith and with reasonable grounds for believing that they at all times were complying with all applicable provisions of the Fair Labor Standards Act and the New York Labor Law precluding Plaintiffs' recovery of liquidated damages under the Fair Labor Standards Act and the New York Labor Law and compelling a two-year limitations period for Plaintiffs' Fair Labor Standard Act claims.

**THIRTEENTH DEFENSE**

Plaintiffs' claims under the Fair Labor Standards Act and the New York Labor Law are barred because the Defendants, acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices

18

and enforcement policies of the United States Department of Labor and the New York State Department of Labor.

## FOURTEENTH DEFENSE

Plaintiffs' claims, some or all of them, are barred by the doctrines of estoppel, laches, waiver, unclean hands and/or avoidable consequences.

## FIFTEENTH DEFENSE

Plaintiffs' own conduct while performing work for Defendants caused all or part of his alleged damage.

## SIXTEENTH DEFENSE

Upon information and belief, Plaintiffs have not reasonably mitigated the alleged damages since they ceased performing work for one or more of Defendants.

## SEVENTEENTH DEFENSE

Plaintiffs cannot recover punitive damages against the Defendants because there are no facts sufficient to prove fraud, oppression, reckless disregard of Plaintiffs' rights or malice, and the Defendants recklessly disregarded Plaintiffs' rights, committed any fraudulent, oppressive or malicious acts, or authorized or ratified any fraudulent, oppressive, reckless or malicious acts against Plaintiffs.

## EIGHTEENTH DEFENSE

Plaintiffs have alleged frivolous claims in bad faith, and, as such, Defendants are entitled to their attorneys' fees and costs.

19

WHEREFORE, having fully answered the allegations set forth in the Amended Complaint, Defendant respectfully requests that the Court (a) deny all of the remedies, relief and judgment damages requested by Plaintiffs, (b) dismiss all of Plaintiffs' claims in their entirety and with prejudice, (c) enter Judgment against Plaintiffs and for Defendants, (d) award Defendants their reasonable attorneys' fees and costs of this proceeding, and (c) grant Defendants any and all such other and further relief that the Court deems just and proper.

**DEFENDANTS' COUNTERCLAIMS AGAINST PLAINITIFF ARNULFO GUILLEN**

Defendants/Counterclaim Plaintiffs Best Choice Vending USA Inc., PPS Capital NY LLC, PPS Capital LLC ("Best Choice") by its attorneys, Bruck LLP, alleges and claims ("Counterclaims") as follows against Plaintiffs/Counterclaim Defendant Arnulfo Guillen ("Plaintiffs or "Guillen"):

**PARTIES**

*Best Choice*

1.     Best Choice Vending USA Inc. is a corporation duly organized and validly existing under the laws of the State of New York.

2.     PPS Capital NY LLC was and still is a limited liability company licensed to do business under the laws of the State of New York.

3.      PPS Capital LLC was and still is a limited liability company licensed to do business under the laws of the State of New York.

20

*Guillen*

4.     Upon information and belief, Guillen is an adult individual, currently residing in Kings County, New York, as he has lived during and throughout the entire time period relevant to these Counterclaims.

5.     During times relevant to these Counterclaims, between in or about 2008 through early March 2023, Guillen was employed as a driver by Best Choice.

## JURIDICTION AND VENUE

6.     This Court has jurisdiction over Best Choice's Counterclaims pursuant to 28 U.S.C. § 1367, because Best Choice's Counterclaims are related to, and arise from the same case or controversy as set forth in Guillen's Amended Complaint [ECF Dkt. # 12] and are compulsory pursuant to Rule 13 of the Federal Rules of Civil Procedure.

7.     This Court has personal jurisdiction over Guillen and this Court is the proper venue in which to hear the Counterclaims, as Guillen elected to bring the claims giving rise to the Counterclaims, as set forth in the Amended Complaint.

## KEY FACTS SUPPORTING COUNTERCLAIMS

8.     Best Choice is a company engaged in the business of owning, operating, and managing vending machines throughout the New York City metropolitan area. These vending machines are strategically placed in a variety of locations, including commercial buildings, offices, schools, and public facilities. Best Choice is responsible for sourcing and purchasing a variety of food and beverage products which it stores in its warehouse for distribution and restocking purposes.

9.     To operate efficiently, Best Choice employs a team of drivers whose job responsibilities include loading their assigned vans with inventory from the company's

21

warehouse, traveling to designated vending machine locations, restocking the machines, and collecting cash proceeds generated from customer purchases. The drivers are entrusted with both physical access to company property and the financial integrity of cash handling operations. As part of company policy, all drivers are required to report back to the office with accurate records of the cash collected and the inventory stocked.

10.    One such driver, Defendant Guillen, was employed by Best Choice in this capacity. As part of his job, Guillen was granted regular access to the company's warehouse, permitted to load his delivery van with company merchandise, and assigned daily routes to restock vending machines at multiple customer locations. By virtue of his position, Guillen had both physical control over valuable product and unsupervised access to vending machine cash deposits.

11.    It was only by happenstance that Best Choice discovered Guillen was engaging in a scheme to divert company merchandise for his personal gain. Specifically, the company learned that Guillen had been selling food and beverage items in bulk—by the case or crate— directly to some of the vending locations or third-party buyers, completely outside of the authorized vending system. These illicit sales were conducted at substantially below-market prices, as Guillen had not paid for the merchandise himself and thus had no cost basis for the inventory he was reselling.

12.    Following this discovery, Best Choice immediately launched an internal investigation. That investigation included inventory reconciliation, route audits, and interviews with personnel and affected customers. Based on the evidence collected, Best Choice concluded that Guillen had unlawfully taken and sold approximately $75,000 worth of company

merchandise over the course of his employment. This figure represents a significant and sustained theft of company assets.

13.    As a direct result of his actions, Best Choice terminated Guillen's employment for cause.

## COUNT I
### Faithless Servant Doctrine

14.    Best Choice hereby restates, realleges, and reavers each and every allegation contained within paragraphs 1 through 13 of these Counterclaims, as if fully set forth at length herein.

15.    As an employee of the Best Choice, Guillen was an agent of Plaintiff and was paid salary and benefits by Best Choice.

16.    Guillen was, at all times relevant herein, an employee of Best Choice and was obligated to be loyal to his employer, Best Choice and to act in good faith in the performance of his duties for Best Choice.

17.    Guillen was, at all times, relevant, and employee and/or agent of Best Choice who owed a duty of fidelity to his employer/principal Best Choice and if faithless in the performance of his or her services is generally disentitled to recover his or her compensation, whether commissions or salary.

18.    Guillen breached his duty of loyalty to Best Choice and failed to act in good faith in the performance of his duties by converting and selling property of Best Choice for his own personal financial benefit.

19.    Guillen breached his duty of fidelity to Best Choice by, among other things, seeking to divert Company business to himself or for his benefit to the exclusion of Best Choice and its shareholders.

23

20. On information and belief, Guillen began to breach his duty of fidelity no later than on or about 2010. Specifically, Guillen had been selling food and beverage items in bulk—by the case or crate—directly to some of the vending locations or third-party buyers, completely outside of the authorized vending system.

21. Accordingly, for at least ten years, Guillen was receiving compensation from third parties selling Best Choice goods for his own personal financial benefit, in breach of his duty of fidelity to Best Choice.

22. As a result, Guillen must return to Best Choice at least ten years worth of salary and benefits.

**COUNT II**
**Tortious Interference with Contracts**

23. Best Choice hereby restates, realleges, and reavers each and every allegation contained within paragraphs 1 through 23 of these Counterclaims, as if fully set forth at length herein.

24. Guillen was well and fully aware of numerous, valid and profitable contracts held by Best Choice with a diverse array of customers of Best Choice, which such knowledge gained by Guillen only as a result of his employment at Best Choice.

25. Guillen intentionally sought and succeed in encouraging, inducing and convincing any number of established Best Choice customers to breach their contracts with Best Choice without any justification, but for Guillen's persistence, and his selling Best Choice products for below market prices.

26. Best Choice has suffered significant damages, in an amounts totaling no less than $75,000.00, resulting from the various breaches of contracts by its customers, solely as a result of Guillen's malevolent and unlawful actions.

24

**COUNT III**
**Tortious Interference with Advantageous Business Relationships**

27.     Best Choice hereby restates, realleges, and reavers each and every allegation contained within paragraphs 1 through 26 of these Counterclaims, as if fully set forth at length herein.

28.     Guillen was well and fully aware of numerous, valid and valuable business relationships enjoyed and appreciated by Best Choice with a diverse array of customers of Best Choice and other third parties which such knowledge gained by Guillen only as a result of his employment by Best Choice.

29.     Guillen intentionally sought and succeed in interfering with many of these business relationships held by Best Choice, encouraging, inducing and convincing any number of such customers of Best Choice and other third parties, to alter their respective relationships with Best Choice in ways and means detrimental or less favorable to Best Choice than as previously existed or otherwise as would naturally have been projected and established.

30.     Guillen's interruptive interference with such customers of Best Choice and other third parties were borne solely out malice, to hurt if not cripple Best Choice, and Guillen used unlawfully gained information Best Choice in succeeding in poisoning the advantageous relationships achieved, earned, obtained, cherished and enjoyed by Best Choice.

31.     Best Choice has suffered significant injuries, in an amounts totaling no less than $75,000.00, as a result of Guillen's interference with the various business relationships of Best Choice with certain customers and other third parties.

**COUNT IV**
**Conversion**

25

32.     Best Choice hereby restates, realleges, and reavers each and every allegation contained within paragraphs 1 through 31 of these Counterclaims, as if fully set forth at length herein.

33.     Guillen obtained from Best Choice goods that are the sole property of Best Choice.

34.     Guillen has exercised dominion over the documents and information to the exclusion of Best Choice.

35.     As a result of Guillen's conduct, Plaintiff has been damaged in an amount to be determined at trial but believed to be valued more than $75,000.00.

**COUNT V**
**Unjust Enrichment**

36.     Best Choice hereby restates, realleges, and reavers each and every allegation contained within paragraphs 1 through 35 of these Counterclaims, as if fully set forth at length herein.

37.     Guillen knowingly received and retained food and beverage products that rightfully belonged to Best Choice, without providing any compensation or authorization.

38.     Guillen sold these unlawfully obtained products to third parties and retained the proceeds for his own personal benefit.

39.     Guillen's enrichment was achieved at the direct and substantial expense of Best Choice, which suffered the loss of valuable inventory and revenue.

40.     It would be inequitable and contrary to principles of justice and fair dealing to allow Guillen to retain the financial benefits he obtained from the unauthorized sale of Best Choice's products.

41.   As a result, Guillen has been unjustly enriched in an amount no less than $75,000.00, to the detriment of Best Choice.

WHEREFORE, defendant/counterclaim plaintiff Best Choice respectfully requests that judgment be entered in favor of Best Choice and against Guillen/Counterclaim Defendant and that the Court award Best Choice (i) compensatory damages, (ii) punitive damages, (iii) attorneys' fees and costs, and (iv) other and further relief as the Court deems just and proper.

Dated: New York, New York
        June 27, 2025

Respectfully submitted,

THE SAMUEL LAW FIRM


By: _____
        Michael Samuel, Esq.

        1441 Broadway – Suite 6085
        New York, New York 10018
        (212) 563-9884 (telephone)
        (212) 563-9870 (facsimile)
        Michael@thesamuellawfirm.com(e-mail)

*Attorneys for Defendant/Counterclaim Plaintiff*
*Best Choice Carriers LLC*

27

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, that, on June 27, 2025, I caused to be served a true and correct copy of: DEFENDANT'S ANSWER WITH COUNTERCLAIMS TO PLAINTIFFS'S AMENDED COMPLAINT by arranging the original of this document to be filed through the Court's ECF system with same to then be sent electronically to all registered participants as identified on the Court's Notice of Electronic Filing and paper copies to be sent to those indicated, if any, as non-registered participants by United States First Class Mail.

*/S/ Michael Samuel*
Michael Samuel

28